UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DERRY EVANS, | ) |
| Movant, | ) ) ) |
| vs. | ) ) Case No. 4:22CV737 JCH |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) ) |

# MEMORANDUM AND ORDER

This matter is before the Court on Respondent United States of America's Motion to Dismiss, filed July 13, 2022. (ECF No. 4). By way of background, a federal grand jury indicted Movant Derry Evans, along with fourteen other Defendants, for conspiracy, money laundering, and violations of the Mann Act. *See United States v. Evans*, Case No. 4:00CR3 JCH ("2000 Criminal Case"), ECF No. 79. On March 28, 2000, after a fourteen day trial, a jury convicted Movant and his co-Defendants on all counts of the Indictment. *Id.*, ECF No. 329. On June 16, 2000, the Court sentenced Movant to consecutive terms of imprisonment, totaling 1,020 months. *Id.*, ECF No. 425. The Eighth Circuit affirmed Movant's conviction and sentence on November 27, 2001. *United States v. Evans*, 272 F.3d 1069 (8th Cir. 2001).

On May 13, 2003, Movant filed his first § 2255 motion. *See Evans v. United States*, Case No. 4:03CV636 JCH ("2003 Habeas Case"), ECF No. 1. Movant raised three claims of ineffective assistance of counsel, and further argued that his conviction and sentence were constitutionally defective. This Court denied Movant's motion on May 25, 2005, and the Eighth Circuit dismissed his untimely appeal for lack of jurisdiction on April 18, 2006. *Id.*, ECF Nos. 12, 19.

On September 25, 2009, Movant filed a Motion for Modification and Reduction of Sentence in his criminal case. *See* 2000 Criminal Case, ECF No. 942. The Court denied Movant's motion on June 17, 2010, and the Eighth Circuit dismissed Movant's appeal on August 11, 2010. *Id.*, ECF Nos. 957, 962.

On October 3, 2013, Movant filed before the Eighth Circuit a motion for permission to file a successive habeas petition. *See Evans v. United States*, Case No. 13-3189 (8th Cir.). The Eighth Circuit denied the request on January 7, 2014. *Id.* On February 22, 2022, Movant filed another motion for permission to file a successive habeas petition with the Eighth Circuit. *See Evans v United States*, Case No. 22-1370 (8th Cir.). The Eighth Circuit denied Movant's motion on June 10, 2022, and issued its mandate the same day. *See* 2003 Habeas Case, ECF Nos. 27, 28.

On July 13, 2022, Movant filed the instant Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, raising many of the same arguments that he raised before the Eighth Circuit earlier this year. (ECF No. 1). As noted above, Respondent filed the instant Motion to Dismiss on July 13, 2022, asserting this Court must dismiss Movant's § 2255 motion for habeas relief due to Movant's failure to obtain consent from the Eighth Circuit Court of Appeals to file a second or successive motion. (ECF No. 4).

## **DISCUSSION**

28 U.S.C. § 2244 provides that "[n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." 28 U.S.C. § 2244(a). 28 U.S.C. § 2255 in turn provides in relevant part as follows:

     (h)    A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

          (1)    newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

          (2)    a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Finally, 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

In the instant case, Movant initially attempted to follow the protocol for filing a successive petition. As noted above, he filed a motion for permission to file a successive habeas petition with the Eighth Circuit on February 22, 2022. The Eighth Circuit denied Movant's motion on June 10, 2022, however, and issued its mandate the same day. Thus, pursuant to 28 U.S.C. § 2244(a), this Court will not entertain the instant application for writ of habeas corpus.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Respondent United States of America's Motion to Dismiss (ECF No. 4) is **GRANTED**, and Movant Derry Evans' Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 1) is **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that, because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998).

Dated this 19th Day of December, 2022.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE